Hely, J.
On the likelihood of success issue, the lease provides that the lessee “shall use the leased premises only for the purpose of conducting a hair cutting, beauty salon.” Unlike the alterations and sublease clauses, the permitted use clause does not contain a requirement that the landlord.shall not unreasonably withhold consent for a change in the use. Compare Worcester-Tatnuck Square CVS v. Kaplan, 33 Mass.App.Ct. 499, 503-06 (1992).
In considering whether adding tanning machines and services is within the permitted use of “hair cutting, beauty salon,” the lessor could reasonably consider the increased risk of injury and illness to patrons and employees, the increased risk of lawsuits and liability, the increased risk of fire on the premises, and the risk of increases in the lessor’s insurance costs. It is because of the increased health and safety risks that local boards of health must impose separate licensing, warning and inspection requirements for tanning devices. G.L.c. 111, §207-214. For the lessor, these are not just taste issues; they are permissible health, safety and economic factors that may properly be considered in interpreting and applying the permitted use clause in a commercial lease. See Worcester-Tatnuck, supra.
The plaintiff is seeking an injunction that would compel the lessors to issue a written consent to the installation, use and licensing of tanning machines on the premises. While there is room for reasonable differences of opinion on the interpretation of the lease, the plaintiff has not demonstrated a likelihood of success on the merits so as to warrant the requested injunction.
ORDER
The application for a preliminary injunction is denied.